# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN CLOUGHERTY, )
               Petitioner, )
)
vs. ) Civil Action No. 14-1740
) Judge David Stewart Cercone/
MICHAEL OVERMYER *Supt.* ) Chief Magistrate Judge Maureen P. Kelly
*SCI-Forest*; THE DISTRICT ATTORNEY )
OF THE COUNTY OF WESTMORELAND)
PA; THE ATTORNEY GENERAL OF )
THE STATE OF PENNSYLVANIA, )
               Respondents. )

## **MEMORANDUM OPINION**

Proceeding *pro se,* John Clougherty ("Petitioner") filed a Petition pursuant to 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 4. Petitioner is attacking his State court convictions resulting from a plea of guilty to multiple charges. The case was referred to Chief Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Chief Magistrate Judge Kelly issued a Report and Recommendation (the "Report"), recommending that the Petition be dismissed because all of the claims are time barred and, in the alternative, the claim concerning Petitioner's minimum sentence being illegally extended by six months also was procedurally defaulted. ECF No. 26. Petitioner has now filed Objections to the Report.

Having thoroughly reviewed the Report and the Objections, we find that the Objections do not merit the rejection of the Report or extended comment.

With respect to the finding that Petitioner's challenges to his convictions and his sentence as imposed, including the allegedly illegal imposition of fines or restitution, the Report is clearly correct that such claims are time barred by nearly eight years.

Petitioner primarily focuses his Objections on the claim that his minimum sentence was extended by six months in violation of his plea agreement, i.e., he is being made to serve 15 ½ to 35 years rather than 15 to 35 years. The Report found such claim to be both time barred under the AEDPA statute of limitations and to be procedurally defaulted upon the Superior Court's determination that Petitioner failed to show he complied with the 60-day PCRA statute of limitations for "after discovered" evidence. In his Objections, Petitioner argues that under state law, a claim that a sentence is illegal is non-waivable, apparently meaning that no matter what procedural failings he may have engaged in, including the failure to raise the illegal sentence claim in a timely State court petition, the State courts must address his claim of an illegal sentence. Petitioner is simply wrong on the law.

To the extent that Petitioner claims this Court cannot apply the AEDPA statute of limitations bar to his claim of an allegedly illegal sentence,[1] Petitioner is wrong as a matter of federal law. In Witman v. Cameron, No. CV 16-1814, 2016 WL 3922631, at *4–5 (E.D. Pa. June 14, 2016), *report and recommendation adopted*, No. CV 16-1814, 2016 WL 3922628 (E.D. Pa. July 20, 2016), the Court opined:

> federal district courts routinely hold that a habeas petitioner asserting that his sentence violates the Constitution is required to abide by the AEDPA statute of limitations. *See, e.g., Howell v. Spearman*, No. C 13-5176 RMW (PR), 2015 WL 3465799, at *3 (N.D. Cal. May 29, 2015) (petitioner required to abide by the AEDPA statute of limitations to raise a claim of illegal sentence); *Farnsworth v.*

---

[1] Petitioner argues that "[c]learly existing State and federal law holds that the lack of lawful authority to impose a sentence is an issue that is non-waivable and, ipso facto, can be addressed at any time inasmuch as it implicates a Court's jurisdiction." ECF No. 27 at 3.

2

> *Ryan*, No. CV-10-361-PHX-ROS, 2011 WL 5882194, at *3 (D. Ariz. Nov. 23, 2011) (AEDPA statute of limitations applies to petition asserting that state court lacked subject matter jurisdiction to impose unconstitutional sentence); *Debroeux v. Erickson*, No. 05-1673, 2006 WL 1896194, at *1 (E.D. Pa July 7, 2006) (applying AEDPA to petition raising claim of illegal sentence). In light of the foregoing, Petitioner's claim of illegal sentence based on *Alleyne* is governed by the AEDPA, and it is only properly before the Court if it was asserted prior to the expiration of the federal habeas statute of limitations. As set forth below, it was not.

Thus, failure to raise a claim predicated on an illegal or unconstitutional sentence in a timely manner can bar review under the AEDPA.

To the extent Petitioner argues that the State courts erred as a matter of state law in finding his claim of an illegal sentence subject to the 60-day PCRA statute of limitations for after-discovered evidence and barred by that statute of limitations, and that the Report consequently erred in relying on the State courts' finding to base its determination that Petitioner procedurally defaulted his claim, Petitioner is again wrong on the law. Commonwealth v. Barnes, No. 2079 EDA 2012, 2013 WL 11258870, at *3 (Pa. Super. July 25, 2013) ("These exceptions [to the PCRA statute of limitations] apply even when there is a claim of an illegal sentence. *See Commonwealth v. Fahy,* 737 A.2d 214, 223 (Pa. 1999) (determining that challenges to legality of sentence claims 'must still first satisfy the PCRA's time limits or one of the exceptions thereto'); *Commonwealth v. Vega,* 754 A.2d 714, 719 (Pa. Super. 2000) (holding that legality of sentence claims 'must first satisfy the Act's time limitations or one of its exceptions'). To invoke any one of the aforementioned exceptions, the petition must be filed 'within 60 days of the date the claim could have been presented.' 42 Pa. C.S.A. § 9545(b)(2). Appellant's conviction became final on September 17, 1991, one year after the United States Supreme Court denied Appellant's petition for writ of *certiorari.* Hence, Appellant's November 1, 2011 petition is facially untimely and may not be considered unless Appellant pleads and

proves one of the three exceptions. Appellant has failed to do so. As a result, the PCRA court correctly concluded the PCRA petition was untimely.").

Petitioner appears to be arguing that the Report erred in finding that he procedurally defaulted his claim because the application of the 60-day PCRA statute of limitations for after-discovered evidence, in the face of the alleged State-law rule that illegal sentencing claims are not waivable, makes the 60-day PCRA statute of limitations an "inadequate" state law rule for purposes of procedural default.[2] We reject this position and find that the application of the PCRA statute of limitations to illegal sentencing claims to be "adequate" such that the Report's reliance thereon to find Petitioner procedurally defaulted his claims is clearly correct.

Any objection which was not specifically addressed does not merit any further discussion as the Report is an adequate rebuttal.

Finally, we note that on March 7, 2017, Petitioner filed what was docketed as "Motion To Compel Specific Performance." ECF No. 29. In that Motion, Petitioner sought several forms of relief: 1) expedited consideration of the Objections and a ruling thereon by this Court; 2) appointment of counsel; and 3) an evidentiary hearing. In light of this Memorandum Opinion

---

[2] Procedural default will not be found based upon the failure to comply with the State procedural rule unless the State procedural rule is "adequate" and "independent." Coleman v. Thompson, 501 U.S. 722, 750 (1991). A State rule of procedure is "adequate" if it is firmly established and applied with some consistency. Doctor v. Walters, 96 F.3d 675, 684 (3d Cir. 1996) ("A state rule is adequate only if it is 'consistently and regularly applied.' *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988); *see also Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural rule must be 'firmly established and regularly followed' to bar federal habeas review).").

overruling petitioner's Objections, the Motion to Compel will be denied as moot.

Date: July 13, 2017

                                              s/David Stewart Cercone
                                              David Stewart Cercone
                                              United States District Judge

cc:      The Honorable Maureen P. Kelly
          Chief United States Magistrate Judge

          John Clougherty
          GE-6826
          SCI-FOREST
          Post Office Box 945
          Marienville, PA 16239
          (*Via First Class Mail*)

          Leo J. Ciaramitaro, Esquire
          (*Via CM/ECF Electronic Mail*)